Glenn R Meyers, Attorney
The Meyers Law Firm
11 Park Place, Suite 503
New York, New York 10007
(212) 252-1212
themeyersawfirm@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT PARKER,

                          Plaintiff,                                        **Case No.**

                                                                               **VERIFIED COMPLAINT**
      - against -                                                (Jury Trial Demanded)


THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, OFFICERS JOHN DOE 1-5 and others,      ECF Case
NEW YORK HEALTH AND HOSPITALS CORPORATION
AND NEW YORK HEALTH AND HOSPITALS
CORPORATION/WOODHULL

                          Defendants.
------------------------------------------------------------------------X

I. Introduction:

1.       This is a civil rights action in which the plaintiff ROBERT PARKER seeks relief for the violation of his rights secured by 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. Each and all of the various Defendant(s)acts alleged herein were done by the defendant(s), their agents, servants and employees, to the extent applicable, and each of them, under the color of pretense of the statute, ordinances, regulations, customs and usages of the City of New York and State of New York and under the authority of their office as members

of the police force and of said city and/or as medical personnel and/or a medical facility duly licensed for care of the public and acting in their authority.

2. The Defendant(s) subjected the Plaintiff to an array of violations of his constitutional and legal rights and the Plaintiff seeks compensatory and punitive damages, declaratory relief an award of costs and attorney's fees and such other and further relief as this Court deems just and proper.

II. Parties:

3. ROBERT PARKER, the plaintiff.

4. Defendant CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under the and by virtue of the laws of the City and/or State of New York.

5. Defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK was and still is an agency and/or department and/or entity of CITY OF NEW YORK duly organized and existing under the and by virtue of the laws of the City and/or State of New York.

6. Defendant CITY OF NEW YORK maintains the police department where personnel, its agents, officers and employees were hired, trained, managed, directed, supervised and controlled by the defendant and is thereby liable to the Plaintiff for the acts complained of herein under among others the theorist of vicarious liability and respondeat superior.

7. The Defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK maintains a police department where personnel, including its agent's, officer and

employees were hired, trained managed, directed, supervised, and controlled by practice and custom in accordance with certain guidelines and policies describing proper procedure for police officers when interacting with private citizens.

8. At all times hereinafter mentioned Police Officers John Does #1-5 held themselves out to be employees of the defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK acting in the capacity of agents, servants, employees of the defendant CITY OF NEW YORK; plaintiff is unable to ascertain the further names and badge numbers without further discovery and as such is using fictitious designation for the purposes of this lawsuit; such officers are such in their individual and official capacities.

9. At all times hereinafter mentioned the defendant(s)were acting under the color of law as agents, servants, employees, and officers of the NYPD or at the direction of or in conspiracy and/or together and otherwise performed ort engaged in conduct incidental to the performance of their professional functions in the course of their duties.

10. The limitations in liability as set forth in CPLR 1601 do not apply to this action.

11. The limitations in liability as set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

12. The defendants, NEW YORK HEALTH AND HOSPITALS CORPORATIONS AND NEW YORK HEALTH AND HOSPITALS CORPORATION/WOODHULL are corporations duly organized and existing under the and by virtue of the laws of the City and/or State of New York.

13. The defendants, NEW YORK HEALTH AND HOSPITALS CORPORATION

AND NEW YORK HEALTH AND HOSPITALS CORPORATION/WOODHULL was and still is an agency and/or department and/or entity and/or affiliated with CITY OF NEW YORK duly organized and existing under the and by virtue of the laws of the City and/or State of New York.

14. The defendants, NEW YORK HEALTH AND HOSPITALS CORPORATION AND NEW YORK HEALTH AND HOSPITALS CORPORATION/WOODHULL at all times hereinafter mentioned were acting under the color of law or at the direction of or in conspiracy and/or together and otherwise performed or engaged in conduct incidental to the performance of their professional functions in the course of their duties.

15. The defendants, NEW YORK HEALTH AND HOSPITALS CORPORATION AND NEW YORK HEALTH AND HOSPITALS CORPORATION/WOODHULL (and all defendants herein) violated plaintiff's constitutional rights including but not limited to not implementing adequate policies, procedures and protocols for its employees and/or its institutions and for failure to adequately train its professional medical staff.

16. The defendant(s)' acts complained of in this Complaint were not objectively reasonable, and were carried out intentionally, recklessly and with malice and/or gross disregard for the Plaintiff ROBERT PARKER's rights.

III. The basis for Jurisdiction

17. This Court has subject matter jurisdiction over federal claims pursuant to 28 USC § 1331 and § 1343; this court further has supplemental jurisdiction over the claims for relief arising under New York statutory and common law pursuant to 28 USC §

1376(a) and others because they form part of the same controversy and derive from the same set of facts.

18.     This action is brought pursuant to 42 USC § 1983 and § 1988 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution as well as New York State statutory and common law.

19.     Venue is proper pursuant to 28 U.S.C § 1391(b) (1) and (2) in that the Plaintiff in that the Plaintiff resides in the district and/or the events in this Complaint took place in this district.

IV. Facts:

20.     On or about the 27th day of November, 2022 while the plaintiff, ROBERT PARKER was illegally and unjustifiably arrested/and or taken into custody by the defendants, their officers, agents and/or employs.

21.     On or about the 27th day of November, 2022 while the plaintiff, ROBERT PARKER was legally and lawfully present on Nostrand Avenue at or near an intersection with Jefferson Avenue in the Borough of Brooklyn, County of Kings, City and State of New York, although the plaintiff ROBERT PARKER did not pose any threat to or danger to himself or anyone else was approached by the Defendant(s) their officers, agents and/or employs and was caused to be falsely arrested, falsely accused, assaulted, handcuffed, battered, unlawfully held against his will and later, maliciously prosecuted, etc., as he was taken into custody by such Defendant(s) their officers, agents and/or employs.

22.     Such Defendant(s) their officers, agents and/or employs engaged the plaintiff

ROBERT PARKER in a violent, vicious, disrespectful manner, although such arrest and violent arrest was unjustified for many reasons, notwithstanding that claimant did not resist, argue or give any reason to such officers, agents and/or employs of the defendant(s) their officers, agents and/or employs above any reason to believe that he would not come peacefully, calmly and cooperatively;

23.     Defendant(s) their officers, agents and/or employs could have handled the situation in a different, more tactful and/or quieter/calm manner but chose not to and instead put the claimant ROBERT PARKER in peril when it was unnecessary, unnecessarily excessive and unjustified under the totality of the circumstances herein.

24.     Defendant(s) under the same set of circumstances with a different plaintiff would have handled this matter with respect for the public and the class and tact that their jobs demand but instead profiled the plaintiff and acted accordingly with no just cause or reason whatsoever.

25.     The Plaintiff ROBERT PARKER was then taken to Woodhull Hospital (Brooklyn, New York) by the Defendant(s), their officers, agents and/or employs.

26.     To justify their own actions, the defendant(s) told falsehood etc. to the defendant hospital, their officers, agents and/or employees about plaintiff ROBERT PARKER.

26.     The plaintiff ROBERT PARKER was then forcibly and unlawfully and violently held down and administered a powerful narcotic or other medication/treatment by the defendant(s).

27.     The claimant ROBERT PARKER was thus left unconscious and comatose for many hours and unable to communicate or participate in any manner whatsoever again placing the claimant ROBERT PARKER in a dangerous and perilous situation that used excessive force that was unnecessary and unjustified under the totality of the circumstances herein.

28.     Such excessive unnecessary force *etc,* used at the hospital is the responsibility of all defendants in this document and was caused by their actions.

29. While under the influence of the powerful narcotic and/or other medicine/harsh chemical was forced to be comatose, unconscious and unable to be aware of his surroundings.

30. While at Woodhull Hospital the plaintiff ROBERT PARKER was under the care not only of the defendant hospital and medical staff, but all defendants named in this document and such they are all responsible, legally, ethically and morally for his care and/or lack thereof.

30. The plaintiff ROBERT PARKER suffered the indignity and humiliation of being stripped of his clothing and belongings, was held down and forced to submit to such mortifying and degrading.

31. Such treatment was unnecessary, unnecessarily excessive and unjustified under the totality of the circumstances herein.

32. Such treatment was a result of defendants (including but not limited to) not implementing adequate policies, procedures and protocols for its employees and/or its institutions and for failure to adequately train its professional medical staff.

33. Upon finally awakening from such forced upon drug-induced comatose slumber, the plaintiff ROBERT PARKER justifiably, legally and lawfully asked for his 'release papers' and his belongings, which the agents, officers and employs of the Defendant(s) *refused*.

34. The plaintiff ROBERT PARKER had every right to request his own belongings and documentation; as such, the plaintiff ROBERT PARKER who *again* was not performing any act that would deserve or require such a harsh response and was not posing a dangerous threat to himself or others, was violently subdued by the agents, officers and employs of the Defendant(s);

35. Such horrific treatment *again* was unnecessary, unnecessarily excessive and unjustified under the totality of the circumstances herein.

36.     The plaintiff ROBERT PARKER furthermore had his cellular telephone smashed and broken as the claimant ROBERT PARKER tried to film a video (which he has every right to do in his own defense) to prove the illegal, harsh, excessive, unjustifiable and unnecessary treatment at the hands of the agents, officers and employs of the Defendant(s)

37.     The plaintiff ROBERT PARKER was again thrown to the hard ground and floor, assaulted, battered, held against his will, falsely arrested, falsely imprisoned, falsely detained, maliciously prosecuted etc., forcibly administered *another* shot/powerful narcotic and/or other medicine; was forced to endure harsh, rough treatment *again*.

*38.*     The plaintiff ROBERT PARKER was again left unconscious and comatose without clothing until the next day (November 28, 2022) or thereabouts.

39.     Every aspect of the matter in this document by the defendant(s), their agents, officers and/or employs as stated above was unnecessary, unnecessarily excessive and unjustified under the totality of the circumstances herein.

40.     The plaintiff ROBERT PARKER was eventually given a Desk Appearance Ticket and was forced to appear in court on trumped up and false charges lodged against him.

41.     There was absolutely no justifiable reason for this arrest and imprisonment; such officers, agents and/or employs of the defendant(s) negligently and disgracefully did not use any common sense, judgment, or tact in the manner in which they handled the situation.

42.     Even if *arguendo* they did eventually arrest the claimant ROBERT PARKER, the defendants could have and should have done it in a calm and professional manner, but again, *by their own hands* elevated the nature of the situation and then had to *cover their own tracks*.

43.     The plaintiff ROBERT PARKER did nothing to instigate such drastic, extreme and illegal treatment which was *disproportionate* to the situation both on the street and after and at the hands of the officers, agents and employs of the defendant(s) at Woodhull Hospital *and is*

*clearly* disproportionate to the behavior of the claimant at that time and in clear violation of his civil rights and was unnecessary, unnecessarily excessive and unjustified under the totality of the circumstances herein.

44.    Immediately following the plaintiff ROBERT PARKER's court appearances plaintiff ROBERT PARKER was released on his own recognizance as the court recognized that the matter did not warrant extreme action, imprisonment or bail.

45.    The defendant(s) their officers, agents and/or employs were discriminatory and prejudice against the claimant due various reasons, the color of his skin, race, sex, age, other disabilities etc.

46. Such officers, agents and or employs of the defendant(s) ) their officers, agents and/or employs could have chosen not to pursue this matter, calmly heard, and/or listened to, and/or questioned the, claimant ROBERT PARKER instead of taking the course of action as stated above as such.

47. The matter did not warrant the use of such excessive force by the officers, agent /or employs and was disproportionate to the complaint, circumstances, history and all other relevant factors and a desk appearance and/or other ticket or summons, etc., could have been issued immediately in the place and stead of such violent and vicious treatment.

48. The matter continuing at Woodhull Hospital by the defendant(s) their agents officers and employs did not warrant the use of such excessive force and heavy narcotics or other medication and was disproportionate to the circumstances, history and all other relevant factors at that time, was unnecessary, unnecessarily excessive and unjustified under the totality of the circumstances herein.

49. On or about December 27, 2022, all charged against the claimant ROBERT PARKER were dismissed.

50. All defendants are guilty of malicious prosecution, use of excessive force, false arrest, false imprisonment, use of excessive and undue force, malicious prosecution, assault, negligent, negligent infliction of emotional distress, intentional infliction of emotional distress, prima facie tort, negligent hiring, negligent supervision, violating claimant's civil rights, and any and all other negligent and intentional torts that led to the claimant's physical and emotional injuries, all other claims as stated in this document and others, to date and continuing.

51. Furthermore *all* other agents, officers and/or employs of *all* defendants involved in this matter were not properly trained and supervised for their jobs and employment, and created an unsafe and dangerous environment that lead to the serious and permanent injuries of the claimant.

52. As such, the plaintiff ROBERT PARKER suffered server and permanent injuries both physical, emotional and otherwise.

## AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C § 1983; DEPRIVATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS UNDER THE UNTIED STATES CONSTITUTION

53. The plaintiff ROBERT PARKER repeats, reiterates and reallege each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

54. The acts of the defendant(s), under the color of law and in their individual and official capacities have deprived the Plaintiff ROBERT PARKER of his rights remedies, privileges and immunities guaranteed every citizen of the United States, in particular those guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C § 1983 including but not limited to his right to be free from the nonconsensual seizure of his person by a law enforcement officer without the probable cause or reasonable suspicion that Plaintiff as a suspect in a crime.

55. Mere presence does not dictate probable cause or reasonable suspicion that the plaintiff was a suspect in a crime.

56. The chronological age of the plaintiff, ROBERT PARKER color of his skin or other and mere presence in does not dictate probable cause or reasonable suspicion that the plaintiff was a suspect or committing a crime.

57. The above defendant(s) did not have a warrant to arrest the plaintiff or reasonable suspicion that the Plaintiff ROBERT PARKER was involved in a crime.

58. The defendants knew that the Plaintiff ROBERT PARKER was not committing and was not guilty of any crime when they detained him, handcuffed him and restrained him in a public area.

59. The defendants are directly liable for the actions of its employees, officers, servants and agents for such conduct committed against plaintiff as part of their employment and is liable to the Plaintiff ROBERT PARKER for the harms exacted on him due to the customs and policies furthered by such defendants.

60. Among other reasons and matters, the plaintiff ROBERT PARKER was racially profiled.

61. Under the same set of circumstances with a plaintiff ROBERT PARKER of a different age or race, ethnicity and/or skin color the defendants would have acted in a different manner and thus this case would not have been made necessary by the defendant's actions.

62. As a direct result and proximate cause of the unconstitutional acts of the employees, agents, officer and servants of the defendants, the plaintiff was caused to spend a great deal of time in the hospital drugged and held against his will, in lock-up, in jail, in court etc., and was otherwise and further injured.

63. As such the plaintiff ROBERT PARKER was damaged for an amount that is above the jurisdictional limits of all lower courts and/or for an amount at or above the limits of this honorable court.

**AS AND FOR A SECOND CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C § 1983; DUE TO EXCESSIVE USE OF FORCE AND THE FALSE IMPRISONMENT OF THE PLAINTIFF AND MUNICIPAL LIABILITY UNDER MONELL**

64. The plaintiff ROBERT PARKER repeats, reiterates and reallege each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

65. The defendant(s), their officers, agents, employs and servants, acting under the color of state law, in their individual and official capacities detained the Plaintiff without reasonable suspicion and used excessive force in handcuffing and holding down, tying down, drugging etc. the plaintiff ROBERT PARKER although there was no reason to arrest him, he did not exhibit any signs of resisting arrest and he was not a clear or present danger to anyone.

66. Upon information and belief, police officers of reasonable competence would have sought more information and more credible evidence before detaining Plaintiff.

67. Had the plaintiff ROBERT PARKER (among other reasons) been of a different ethnic and/or racial group the defendants would not have profiled the plaintiff and acted in such illegal and unlawful manner

68. The defendant(s) their agents, officers and employees acting under the color of law, in their individual and official capacities detained and imprisoned the plaintiff without sufficient legal justification for an arrest and engaged in excessive force in restraining the Plaintiff ROBERT PARKER in violation of Plaintiff's Fourth Amendment Rights under the United States Constitution.

69. As a direct and proximate cause of the circumstances in this cause of action, excessive force, false imprisonment etc., the Plaintiff ROBERT PARKER suffered injury and damages.

70. As such the plaintiff ROBERT PARKER was damaged for an amount that is above the jurisdictional limits of all lower courts and/or for an amount at or above the limits of this honorable court.

## AS AND FOR A THIRD CAUSE OF ACTION FOR FALSE ARREST UNDER APPLICABLE NEW YORK LAW

71. The plaintiff ROBERT PARKER repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

72. The defendants, their agents, officers and employees detained and arrested the Plaintiff ROBERT PARKER without a warrant, authority of law, reasonable suspicion or probable cause.

73. The defendants, their agents, officers and employees detained and arrested the Plaintiff ROBERT PARKER without a warrant, authority of law, reasonable suspicion or probable cause.

74. The plaintiff' ROBERT PARKER s arrest was without a warrant or other legal process and without the authority of law or cause to believe that the Plaintiff was guilty of any crimes or was in the process of committing any crimes.

75. The plaintiff ROBERT PARKER did not contribute in any way or manner that would have led to his arrest.

76. The defendant(s)are liable for the tortious false arrest of the Plaintiff based upon the theories of respondeat superior and vicarious liability and others.

77. By reason of the false arrest and detention of the plaintiff ROBET PARKER was imprisoned and subjected to great indignity, humiliation, embarrassment, pain, injury, jail time, disruption of life etc.

78. All defendants are guilty of all the causes of action.

79. As such the plaintiff ROBERT PARKER was damaged for an amount that is above the jurisdictional limits of all lower courts and/or for an amount at or above the limits of this honorable court.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR FALSE IMPRISONMENT UNDER APPLICABLE NEW YORK LAW

80. The plaintiff ROBERT PARKER repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

81. The defendants, their agents, officers and employees intentionally and handcuffed and imprisoned the plaintiff ROBERT PARKER without any just cause or probable cause and held him against his will for a long period for a long period of time in various places including but not limited to vehicles, hospital, court, detention, jail etc.

82. The plaintiff ROBERT PARKER did not contribute in any way or manner that would have led to his false arrest.

83. The defendant(s) are liable for the tortious false arrest of the Plaintiff ROBERT PARKER based upon the theories of respondeat superior and vicarious liability and others.

84. By reason of the false imprisonment and detention of the plaintiff he was imprisoned and subjected to great indignity, humiliation, embarrassment, pain, injury, jail time, disruption of life etc.

85. As such the plaintiff ROBERT PARKER was damaged for an amount that is above the jurisdictional limits of all lower courts and/or for an amount at or above the limits of this honorable court.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983;

86. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

87. The defendants, their agents, officers and employees intentionally and handcuffed and imprisoned the plaintiff ROBERT PARKER without any just cause or probable cause and held him against his will until he was released two days and two nights later without any just or probably cause.

88. Such imprisonment was effectuated without any warrant or legal grounds or cause to believe that the plaintiff ROBERT PARKER was guilty of any crimes or was committing a crime.

89. The plaintiff ROBERT PARKER did not contribute in any way or manner that would have led to his false arrest.

90. Defendant(s)acted with malice initiating criminal proceedings against the plaintiff ROBERT PARKER.

91. Defendant(s)acted with malice and falsified criminal proceedings against the plaintiff ROBERT PARKER.

92. Defendant(s)acted with malice and falsified criminal proceedings against the plaintiff ROBERT PARKER to justify their own illegal and unjustifiable behavior.

93. The defendant(s)are liable for the malicious prosecution of the Plaintiff ROBERT PARKER.

94. By reason of the malicious prosecution, false imprisonment and detention of the plaintiff ROBERT PARKER was imprisoned and subjected to great indignity, humiliation, embarrassment, pain, injury, jail time, disruption of life etc.

95. As such the plaintiff ROBERT PARKER was damaged for an amount that is above the jurisdictional limits of all lower courts and/or for an amount at or above the limits of this honorable court.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR IMPROPER TRAINING AND NEGLIGENT SUPERVISION

96. The plaintiff ROBERT PARKER repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

97. Defendants, their agents, officers and/or employs were not properly trained to properly handle the situation as stated in this document to the detriment of the plaintiff ROBERT PARKER.

98. Defendants, their agents, officers and/or employs were not properly trained to properly handle the situation as stated in this document to the detriment of the plaintiff ROBERT PARKER but held themselves out to be to the general public.

99. Defendants, their agents, officers and/or employs were not properly supervised as stated in this document to the detriment of the plaintiff ROBERT PARKER.

100. Defendants, their agents, officers and/or employs were not properly supervised to properly handle the situation as stated in this document to the detriment of the plaintiff ROBERT PARKER but held themselves out to be to the general public.

101. As such the plaintiff ROBERT PARKER was damaged for an amount that is above the jurisdictional limits of all lower courts and/or for an amount at or above the limits of this honorable court.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

102. The plaintiff ROBERT PARKER repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

103. The defendant(s) should be forced to pay punitive and other damages as a result of the egregious conduct of their agents, officers and employees and those acting at their discretion under the color of law who might consider similar conduct in the future.

104. Accordingly punitive damages should be awarded against the defendant(s)for the conduct described herein.

### CPLR 1602 and others

That this action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving the defendant and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

WHEREFORE, plaintiff, ROBERT PARKER, demands judgment against the defendants, on the First, Second, Third, Fourth, Fifth and Sixth causes of actions in an amount in excess of the jurisdictional limits of all of the lower Courts of the State of New York; punitive damages in the Sixth Cause of action, together with interest, as well as the costs, disbursements and legal fees pursuant to 42 U.S.C. Section 1988, of these causes of action.

Dated: New York, New York
March 22, 2024

Yours, etc.,

Glenn R. Meyers
The Meyers Law Firm
Attorneys for Plaintiff
11 Park Place
Suite 1503
New York, New York 10007
(212) 252-1212
themeyerslawfirm@gmail.com

## ATTORNEY VERIFICATION

I, Glenn R. Meyers, an attorney duly admitted to practice law in the State of New York, do affirm that:

I am the principle in the law firm of The Meyers Law Firm, attorney for the Plaintiff ROBERT PARKER and I have read the **COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters alleged on information and belief, and as to those, I believe to be true. I base my knowledge and belief on public records, papers and records on file with my office, this office's investigation and conversations I had with the Plaintiff ROBERT PARKER.

I make this Verification in lieu of the Plaintiff ROBERT PARKER, as the Plaintiff ROBERT PARKER is unavailable and not present in the County with which attorney maintains his office at this time.

Dated: New York, New York
March 22, 2024

_Glenn R. Meyers_
Glenn R. Meyers